[Civ. No. 15269. First Dist., Div. Two. Jan. 29, 1953.]

JAMES M. BUCKLEY et al., Respondents, v. WILLIAM B. OLSEN, Appellant.

Fred A. Watkins for Appellant.

James F. Mannion for Respondents.

PATTERSON, J. pro tem.—Appeal by defendant from a judgment in the sum of $10,000 in favor of plaintiff for personal injuries arising out of an automobile accident after trial before the court sitting without a jury.

Plaintiff, a 16-year-old boy, was riding in a car with five other boys. They were on their way to a dance. The car was driven by the owner, Lawrence J. Davis. While proceeding in a southerly direction on Bernal Avenue in San Francisco about 9:20 p. m. a rear tire went flat. Davis was traveling on the inside or passing lane. He traveled for 200 feet before bringing the car to a stop. Bernal Avenue has four lanes, two in each direction, and a concrete safety island in the middle. The car was brought to a stop in the lane next to the traffic island and about 200 feet north of an intersecting street. The lights on the car were burning. There was light at this point coming from an industrial plant across the street. Dan Toomey, one of the boys, was placed about 70 feet to the rear of the car with a flashlight to signal drivers into the other lane of traffic. Twenty to twenty-five cars passed and were diverted to the other lane. The door of the trunk was open and plaintiff was searching for a jack when the defendant approached from the south. The Davis car was struck from the rear and plaintiff thrown some distance and suffered severe injuries. Defendant testified he saw Toomey waving the flashlight and thought he was going to cross the street. However, the police officer who

investigated the accident said defendant told him at the scene of the accident that he had not seen the flashlight. On cross-examination defendant testified he did not see the plaintiff prior to the accident. One witness testified that at the scene of the accident he asked the defendant if he could see the car and the defendant said, ''No, I couldn't see anything.'' Davis testified he estimated defendant's speed at 70 miles per hour. Another boy estimated the defendant's speed at 65 to 70 miles an hour. Each of them had just a glance at the car before the impact. A skidmark 53 feet long was laid down by defendant's car. The point where the accident occurred was on a straight stretch of highway. The facts stated are those disclosed by the record as most favorable to the plaintiff.

Defendant contends that there was no evidence of negligence shown on the part of the defendant and that the plaintiff was guilty of contributory negligence as a matter of law. From the foregoing statement of facts the court may have properly concluded that defendant was traveling at a rate of speed which was not reasonably prudent under the circumstances. The court may also have properly concluded that the failure of defendant to observe either the plaintiff, the car or the boy with the flashlight was not the exercise of that due care imposed by the law upon a driver of a motor vehicle under the circumstances. The court's finding that the defendant was negligent is supported by the evidence.

On the issue of the contributory negligence the defendant argues that the plaintiff voluntarily placed himself in a position of peril and it constituted contributory negligence for him to assist in the changing of a tire on a vehicle which was illegally parked in the passing lane. He cites *Basinger* v. *Yarian*, (Ohio App.) 49 N.E.2d 104 for the proposition that where a passenger at night places himself at the rear of a car to repair a tire he assumes the risk of injury by his act. The court there held that the question whether plaintiff's conduct constituted contributory negligence was a question of fact which had properly been submitted to the jury. In the present case the plaintiff did not park the car and there was nothing in the evidence which would warrant imputing any negligence on the part of the driver to the plaintiff. Whether or not the plaintiff's conduct under all the circumstances constituted contributory negligence was a question of fact for the trial court to determine.

622

■ It is a well established rule that the duty of a reviewing court "begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support . . ." the findings and conclusions of the trial court. *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]. It is immaterial that the evidence might have supported contrary findings.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.